PREFERRED RISK INSURANCE COMPANY and Vivian S. Andres, Executrix of the Estate of Suzanne Sage, Deceased, Plaintiffs,

v.

CENTRAL SURETY & INSURANCE CORPORATION, Defendant.

Civ. A. No. 824.

United States District Court
W. D. Arkansas,
Hot Springs Division.

March 7, 1961.

McMillan & McMillan, Arkadelphia, Ark., Weisenberger & Wilson, Hope, Ark., for plaintiffs.

Wright, Lindsey, Jennings, Lester & Shults, Little Rock, Ark., for defendant.

JOHN E. MILLER, Chief Judge.

This is an action by Preferred Risk Insurance Company, hereinafter referred to as Preferred, and Vivian S. Andres, Executrix of the Estate of Suzanne Sage, deceased, against Central Surety & Insurance Corporation, hereinafter referred to as Central, or defendant, arising out of an automobile liability insurance policy allegedly issued by Central to the deceased, Suzanne Sage. The case was originally filed in the Circuit Court of Clark County, Arkansas, and duly removed to this court.

Preferred is an Arkansas insurance corporation, having its principal place of business at Fayetteville, Arkansas. Vivian S. Andres, Executrix of the Estate of Suzanne Sage, deceased, is a citizen of the State of Arkansas. Central is an insurance corporation organized under the laws of the State of Missouri, with its principal place of business in Kansas City, Missouri. The matter in controversy exceeds the jurisdictional amount, exclusive of interest and costs.

In the complaint it is alleged that defendant issued an automobile liability insurance policy insuring Suzanne Sage against liability arising out of bodily injury sustained by third persons in the operation of her 1958 Rambler automobile, the limits of liability being $10,000 for one person, $20,000 for one accident, and $5,000 property damage; that the policy also insured the occupants of the automobile for medical, including funeral, expenses, arising out of injuries sustained by the occupants of the car,

and that said policy was in effect from May 20, 1959, until November 20, 1959.

It is further alleged that the plaintiff Preferred likewise issued an automobile liability insurance policy on May 20, 1959, insuring for a one-year period the deceased against the same risks and in the same amounts as the defendant's policy.

Plaintiffs further contend that on June 7, 1959, while both policies were in force and effect, Miss Sage was driving the insured automobile and was involved in an automobile accident which caused her death, along with the death of one of the passengers in the other automobile involved in the collision. Several occupants of the Sage car and of the other car were injured. After the accident the plaintiff, Vivian S. Andres, Executrix, notified both Central and Preferred of the accident and of claims arising out of it. Central declined to defend said action and denied liability under its policy. Preferred appeared and defended the litigation, and paid a total judgment of $17,750, plus costs. Preferred now seeks to recover one-half of this sum from Central under the applicable co-insurance provision contained in each policy. The plaintiff Andres seeks to recover the sum of $456 as funeral expenses paid in connection with the death of Suzanne Sage. Preferred also seeks to recover one-half of the attorneys' fees and litigation expense, and both plaintiffs pray for the statutory 12 percent penalty, along with reasonable attorneys' fees in this action.

In its answer to the complaint, the defendant Central denies that the collision between the automobile driven by Suzanne Sage and the Sowell automobile, driven by Thomas R. Sowell, "occurred at a time when any policy of insurance issued by this defendant was in force." The defendant further alleges "that if any insurance policy ever became effective between defendant and Suzanne Sage, that the same was canceled by mutual agreement prior to the collision which occurred on June 7, 1959."

Prior to the trial of the case the parties entered into the following stipulation:

"Stipulation

"The parties hereto, by their attorneys, stipulate as follows:

"1. On May 20, 1958, Greening Insurance Agency of Hope, Arkansas, an authorized local agent of Central Surety & Insurance Corporation, prepared and mailed to Miss Suzanne Sage of Hope, Arkansas, a document entitled Family Automobile Policy and bearing Serial No. AC136771. Described therein as the owned automobile was a 1958 Rambler. The policy period stated therein was from May 20, 1958 to November 20, 1958. The Limits of Liability described therein were $5,000.00 for bodily injury liability to each person, $10,000.00 for bodily injury liability on each occurrence, $5,000.00 for property damage liability on each occurrence and $500.-00 medical payments for each person. The premiums set out therein were seasonably paid by Miss Sage.

"2. Thereafter and prior to expiration of the policy period described in the document referred to in Paragraph 1 hereof, Greening Insurance Agency, as agent for Central Surety and Insurance Corporation, prepared and mailed to Miss Sage a document entitled Family Automobile Policy and bearing Serial No. AC163646. The owned automobile and Limits of Liability were described in the same manner as in the document described in Paragraph 1 hereof. The policy period described in the document bearing Serial No. AC163646 was from November 20, 1958, to May 20, 1959. The premiums set out therein were seasonably paid by Miss Sage. A photostatic copy of this document is attached as Exhibit A to this Stipulation.

"3. On or about May 8, 1959, and prior to the expiration of the policy period referred to in the docu-

ment described in Paragraph 2 hereof, Greening Insurance Agency, as agent for Central Surety and Insurance Corporation, prepared and mailed to Miss Sage a document entitled Family Automobile Policy and bearing Serial No. AC181275. The policy period described therein was from May 20, 1959, to November 20, 1959. The owned automobile described therein was the same as described in the documents referred to in Paragraphs 1 and 2 hereof. The Limits of Liability referred to were $10,000.00 for bodily injury liability to each person, $20,000.00 for bodily injury liability on each occurrence, $5,000.00 for property damage liability on each occurrence and $500.00 medical payments for each person. A photostatic copy of the document referred to herein is attached hereto as Exhibit B to this Stipulation. A bill for the premiums set out in this document was prepared and mailed to Miss Sage on or about May 18, and again on or about June 1, 1959.

"4. The premiums referred to in Paragraph 3 were never paid and the document referred to therein was never returned to Greening Insurance Agency. Greening Insurance Agency never mailed a Notice of Cancellation and no Cancellation Agreement was ever executed by Miss Sage.

"5. On June 7, 1959, Miss Suzanne Sage, while driving said Rambler automobile, was involved in a collision on U. S. Highway No. 67 in Clark County, Arkansas, which caused her death and the death of Lauran Sowell and injuries to Richard Sowell, Margie Sowell, and Thomas R. Sowell, and damage to the automobile in which the Sowells were riding.

"6. On or prior to May 20, 1959, Roy Anderson Insurance Agency of Hope, Arkansas, as agent for Preferred Risk Insurance Company, is-

sued and delivered to Miss Sage, Preferred Risk Policy No. A13169, a photostatic copy of which is attached hereto as Exhibit C.

"7. Preferred Risk Insurance Company negotiated a settlement with the Sowell family for the amount of $17,750.00 and incurred legal expense in so doing in the amount of $821.00. The parties recognize that the settlement of $17,750.00 was reasonable and proper under the circumstances and that the legal expenses of $821.00 were reasonable for the services performed. The parties further recognize that if policies of both insurance companies were in effect at the time of the accident, then, under the provisions of the policies, each insurance company would be liable for its pro-rata part of the loss. Finally, the parties recognize that Preferred Risk Insurance Company has discharged the amounts referred to herein and would be entitled to contribution in the sum of one-half on that amount from Central Surety and Insurance Corporation if an insurance policy were in effect at the time of the accident obligating Central Surety and Insurance Corporation as contended by Preferred Risk Insurance Company. On the other hand, the parties recognize that if there were no Central Surety and Insurance Corporation policy in effect at the time of the accident, Preferred Risk Insurance Company would have no right to contribution in any amount.

"8. The parties recognize that the $500.00 claimed as medical payments (in fact funeral expenses) is the amount actually incurred by the plaintiff, Vivian S. Andres, Executrix. If a policy of insurance obligating Central Surety and Insurance Corporation was in effect at the time of the accident, the plaintiff, Vivian S. Andres, Executrix, is entitled to recover that amount.

"9. The parties agree that this Stipulation may be made a part of the record in this case."

\*　\*　\*　\*　\*　\*

"Amendment To Stipulation

\*　\*　\*　\*　\*　\*

3.

"Preferred Risk Insurance Company, besides paying $17,750.00 to the Sowell family and $821.00 legal expenses and $500.00 funeral expenses to Vivian S. Andres, Executrix, paid the sum of $1500.00 funeral and medical expenses to three of the occupants of the Sage car. And if Central Surety & Insurance Corporation is liable, then Central Surety & Insurance Corporation is liable for one-half of this $1500.00 in addition to the other amounts stipulated."

The case was tried to the court on February 8, 1961, and at the conclusion of the trial, the case was submitted and briefs were requested from each side. The briefs have been received and considered by the court, along with the pleadings, testimony, exhibits and entire record. Findings of fact and conclusions of law are included in this opinion in accordance with the provisions of Rule 52(a), Fed.R.Civ.P. 28 U.S.C.A.

Under the pleadings and the testimony, the court is required to determine whether the insurance policy issued by Central, and bearing serial number AC181275, was in force and effect on the date of the accident, June 7, 1959.

In accordance with the allegations in its answer, the defendant strenuously contends that the policy which it mailed to Miss Suzanne Sage on or about May 8, 1959, was never accepted by her, and that if it was accepted, that a bilateral cancellation was effected prior to June 7, 1959.

The court must determine first whether the Central policy, issued by it on May 8, 1959, and mailed to Suzanne Sage on the same date, ever became a valid, binding policy. The undisputed facts reflect that on May 20, 1958, Suzanne Sage went to the Greening Insurance Agency at Hope, Arkansas, and obtained an insurance policy issued by Central. The limits of liability were $5,000 for bodily injury liability to each person, $10,000 for bodily injury liability on each occurrence, $5,000 for property damage liability on each occurrence, and $500 for medical payments for each person. Miss Sage apparently paid the premium on that policy on the day it was purchased. A few weeks before the policy was to expire on November 20, 1958, the Greening Insurance Agency mailed Miss Sage a renewal policy with the same coverage for the period November 20, 1958, to May 20, 1959. An invoice was included with the policy, indicating a premium due of $19.00. Miss Sage paid this premium on November 15, 1958. On May 8, 1959, the Greening Agency again sent Miss Sage a renewal policy for the period May 20, 1959, to November 20, 1959. In this policy the liability limits were raised to $10,000 for bodily injury liability to each person and $20,000 for bodily injury liability on each occurrence. The property damage liability and medical payments remained the same. This change was apparently made by the agency due to the amendment of the Arkansas Motor Vehicle Safety Responsibility Act, which was enacted by the General Assembly on March 26, 1959. This amendment, found in Act 307 of 1959, raised the insurance or bond requirement for bodily injury for one person from $5,000 to $10,000, for injury to two or more persons in one accident from $10,000 to $20,000, and for injury to property in one accident from $1,000 to $5,000. See Ark.Stat.Ann. Sec. 75–1427 (1959 Supp.). An invoice was enclosed with the policy showing a premium due of $25.30. Miss Sage had made no request that this renewal policy be issued or sent to her.

Although Miss Sage had received the policy issued by the Greening Agency for the defendant, Central, prior to the expiration date of the second policy, May 20, 1959, she did not pay the premium

upon the policy, but on May 20, 1959, the date the second policy of Central expired, went to the Roy Anderson Insurance Agency of Hope, Arkansas, agent for plaintiff, Preferred, and purchased an automobile liability policy with $10,000/$20,000/$5,000 coverage.

The testimony does not show whether the agent of the defendant, Central, knew that Miss Sage had purchased a policy from the Roy Anderson Insurance Agency, agent for Preferred, and since Miss Sage had not paid the premium as set forth in the policy Central had mailed to her on May 8, 1959, proceeded to mail to her on June 3, 1959, a bill for the amount of the premium.

■ This being a diversity case, the substantive law of Arkansas applies. The general rule insofar as acceptance of an insurance contract is concerned was set forth by the Arkansas Supreme Court in Pacific National Fire Ins. Co. v. Suit, 1941, 201 Ark. 767, 147 S.W.2d 346. At page 773 of 201 Ark., at page 349 of 147 S.W.2d the court said:

"Contracts must be mutual and a proposed contract which has not been accepted is in no sense a completed contract. It was said in the case of W. P. Harper & Company v. Ginners Mutual Ins. Co., 6 Ga. App. 139, 64 S.E. 567, 568, that: 'The acceptance of a proposal of insurance must be evidenced by some act that binds the party accepting. A mental resolution, that can be changed, is not sufficient. Any appropriate act which accepts the terms as they were intended to be accepted, so as to bind the insurer, is sufficient to show the concurrence of the parties, the meeting of minds.' Cooley's Briefs on the Law of Insurance, 421. 'Where the proposal to insure comes from the insurer, he must be notified of the acceptance of the offer by the insured.' "

■ Normally, in insurance cases the offer is made by application of the insured and acceptance is manifested by delivery of the policy by the insurer. The unsolicited delivery of a renewal policy prior to the expiration of the original policy, as in this case, is not an acceptance, but an offer, and no contract of renewal is created unless acceptance by the insured is expressly made or necessarily inferred. Kudrna v. Great Northern Ins. Co., D.C.Mont.1959, 175 F.Supp. 783, 786; Continental Cas. Co. v. Rosenzweig, D.C.S.D.N.Y.1952, 105 F. Supp. 253; Hodge v. National Fidelity Ins. Co., 1952, 221 S.C. 33, 68 S.E.2d 636.

■ With the foregoing principles in mind, the court is of the opinion that Suzanne Sage did not accept the insurance policy offered by Central, and hence there was no insurance contract in effect between Central and Miss Sage on June 7, 1959. Here Suzanne Sage did not manifest her intention to accept the policy. Rather, on May 20, 1959, she took out a policy of insurance with Preferred, identical with that offered by Central, with the exception that the Preferred policy was for one year while the Central policy was only for six months.

Miss Sage did not request the Greening Agency to renew her policy, and the policy offered by Central, through Greening, had doubled the liability coverage for bodily injury of the then existing policy. The invoice attached to the policy indicated a premium due of $25.30, instead of the $19.00 she had previously paid. Miss Sage was able to obtain identical coverage under the Preferred policy for a year, rather than only six months, for $34.00. The renewal policy was sent to Miss Sage on May 8, 1959. Her existing policy with Central was due to expire on May 20, 1959, and on that date she obtained the new policy from Preferred. She did not pay the premium and did nothing from which the court can infer acceptance by her of the Central policy. Her delay in rejecting the policy does not amount to an acceptance under the facts in this case, see Associated Mutuals, Inc. v. Pope Lbr. Co., 1946, 200 Ga. 487, 37 S.E.2d

393, 398, and her action in securing a policy with identical coverage from Preferred strongly indicates an outright rejection of the Central offer.

The foregoing should not be interpreted as holding that payment of the premium is required before an insurance contract can become effective. In cases of this type the payment of premiums is only one factor to be considered, and the determination of a case depends upon the facts, including the prior course of conduct between the insured and the insurance company, as well as the actions of the insured after receiving the unsolicited renewal policy.

There was testimony introduced in this case as to a telephone call received on June 5 by Marcine Abbott, an office employee of the Greening Insurance Agency. Miss Abbott testified that a woman called her on that day and identified herself as Suzanne Sage, and said, "I don't want the policy." Miss Abbott advised the caller that it would be necessary for her to return the policy or to come in and sign a lost policy receipt. Miss Abbott further testified that she did not recognize the voice of the caller and that she did not personally know Miss Sage. All of this testimony was objected to by the plaintiffs as hearsay. The court reserved ruling on the objection, but allowed the testimony to be introduced subject to a ruling on the objection.

In reaching the conclusion that Miss Sage did not accept the policy tendered her by the defendant, the court has not considered such testimony, and it is not necessary to pass on the admissibility of the telephone conversation of June 5, 1959, or the alternative defense raised by Central that such telephone conversation effected a bilateral cancellation of the policy.

Since there was no valid insurance contract in existence between Suzanne Sage and the defendant, Central Surety & Insurance Corporation, the plaintiff, Preferred Risk Insurance Company, is not entitled to contribution, and the plaintiff, Vivian S. Andres, Executrix of the Estate of Suzanne Sage, deceased, is not entitled to a judgment for funeral expenses.

In accordance with the above, judgment is being entered today for defendant and dismissing the complaint of the plaintiffs.